UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ashish Gupta, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 12 C 7855 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| Correctional Officer Randy L. Owens, Will County Sheriff's Office; Officer Ricky Krakow #7825, Naperville Police Department; and Correctional Officer Todd Wittmayer, Will County Sheriff's Office; Correctional Officer Mike Janovyak, Will County Sheriff's Office; Correctional Officer James Patras, Will County Sheriff's Office; Joshua Lane, Will County Sheriff's Office, in their individual capacities; Will County Sheriff's Office; and the County of Will, Illinois, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Ashish Gupta brings a five count Complaint under 42 U.S.C. § 1983 against Officer Ricky Krakow of the Naperville Police Department, the Will County Sheriff, and several officers from the Will County Sheriff's Office. In Count II of the Complaint, Mr. Gupta asserts that Officer Krakow violated § 1983 by arresting him without probable cause and by unlawfully seizing his telephone. Now before the Court is a motion to dismiss brought by Officer Krakow and the Naperville Police Department. The motion to dismiss [47] is granted in part and denied in part. The Court grants the motion to dismiss with regard to the Naperville Police Department as it is not an entity that can be sued independently from the city of Naperville.[1] The motion to

---

[1] There is some question as to whether the Naperville Police Department has been named as a Defendant in this case. In responding to the motion to dismiss, Mr. Gupta acknowledges that the Naperville Police Department is not a named Defendant. Dkt. No. 51 at 7. But for the sake of clarity, the Court grants the motion to dismiss the Complaint against the Naperville Police Department.

dismiss is denied with respect to Officer Krakow because Mr. Gupta's claim for unlawful arrest does not necessarily challenge his conviction for disorderly conduct and because, based on the facts alleged in the Complaint, the Court cannot find that Officer Krakow's conduct was protected by qualified immunity.

## BACKGROUND[2]

On October 1, 2010, Officer Krakow went to Mr. Gupta's home, purportedly following up on a report from Jessica Bouldin that Mr. Gupta had harassed her earlier that same evening. Because Mr. Gupta was not home, Officer Krakow left his phone number with Mr. Gupta's father. Upon returning home at around 10:00 p.m., Mr. Gupta called Officer Krakow. Officer Krakow requested that they meet a short while later at a local 7-Eleven. Immediately after Mr. Gupta arrived at the 7-Eleven, Officer Krakow arrested him and seized his cell phone.

Mr. Gupta was charged with one count of Intimidating a Juror.[3] At the time, Mr. Gupta was not involved in any court proceeding involving a juror. Later in the evening of October 1, 2010 or sometime after midnight, Mr. Gupta was transported to the Will County Adult Detention Facility in Joliet, Illinois. In other counts of the Complaint, Mr. Gupta alleges that he was subject to various abuses and constitutional violations at the Will County Adult Detention

---

[2] The facts in the background section are taken from the Complaint and are presumed true for the purpose of resolving defendant's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). A court normally cannot consider extrinsic evidence without converting a motion to dismiss into one for summary judgment. *Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009). Where a document is referenced in the complaint and central to Plaintiff's claims, however, the Court may consider it in ruling on the motion to dismiss. *Id.* The Court may also take judicial notice of matters of public record. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997). Here, the Court takes judicial notice of Mr. Gupta's state court conviction and sentence for disorderly conduct, as well as the criminal complaint for Harassment of Witness.

[3] The state criminal complaint against Mr. Gupta identifies the charged offense as "Harassment of Witness," a class 2 felony. The distinction between Harassment of Witness and Intimidating a Juror is not relevant to the Court's ruling.

Facility. But the Court need not summarize those allegations here because they do not involve Officer Krakow and are not relevant to this motion to dismiss.

The initial charge of Intimidating a Juror (or Harassment of Witness) was eventually dropped. On January 11, 2013 Mr. Gupta was charged with and pleaded guilty to one count of disorderly conduct—a class C misdemeanor—for conduct occurring on October 1, 2010. Mr. Gupta was sentenced to pay a $300 fine and to serve 24 months' conditional discharge.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

In his motion to dismiss Mr. Gupta's Complaint, Officer Krakow argues that probable cause to arrest Mr. Gupta was conclusively proven by Mr. Gupta's guilty plea, and therefore the Supreme Court's ruling in *Heck v. Humphrey* bars Mr. Gupta from challenging the lawfulness of

the arrest. Officer Krakow also seeks protection from liability under the principle of qualified immunity.

In *Heck v. Humphrey*, Mr. Heck brought a § 1983 claim alleging that county prosecutors and a state police investigator committed unlawful acts in investigating and prosecuting his criminal case. 512 U.S. 477, 479, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Supreme Court held that Heck's § 1983 claim was barred because it necessarily challenged the validity of his conviction. *Id.* at 487. The Supreme Court held that in order to prevail on a constitutional claim relating to his conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

However, the Seventh Circuit has made clear that *Heck* does not apply to § 1983 claims challenging the plaintiff's arrest rather than his prosecution or conviction. "[A] wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction; one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). Likewise, in *Simpson v. Rowan*, the Seventh Circuit held that the plaintiff's § 1983 "claims relating to an illegal search and an improper arrest are not barred by *Heck* because neither claim, if successful, would *necessarily* undermine the validity of his conviction." 73 F.3d 134, 136 (7th Cir. 1995). Likewise, in *Reynolds v. Jamison*, the Seventh Circuit held that a "§ 1983 claim for false arrest does not impugn the validity of [the] underlying criminal conviction" for harassment. 488 F.3d 756, 767 (7th Cir. 2007). A guilty plea in a state court case precludes a § 1983 claim "only if, among other things, the [validity of the arrest] was actually litigated and decided on the merits

and its resolution was necessary to the result in the case." *Lang v. City of Round Lake Park*, 87 F. Supp. 2d 836, 842 (N.D. Ill. 2000).

The Court finds that *Heck* does not bar Mr. Gupta's claim for false arrest and unlawful search and seizure. Mr. Gupta's § 1983 claim does not necessarily challenge the underlying conduct for which he pled guilty. *Simpson*, 73 F.3d at 136. Nor does it appear from the pleadings that Mr. Gupta's claim attempts to re-litigate an issue that was actually litigated and decided on the merits in the state court action. *Lang*, 87 F. Supp. 2d at 842. Instead, Mr. Gupta alleges that Officer Krakow lacked probable cause to arrest him. "Probable cause is determined from the facts known to the officers at the time of the arrest." *Fox v. Hayes*, 600 F.3d 819, 838 (7th Cir. 2010). The validity of Mr. Gupta's claim will hinge on whether Officer Krakow had sufficient facts amounting to probable cause at the time he arrested Mr. Gupta. It is entirely possible that Mr. Gupta was guilty of disorderly conduct or harassment, but that Officer Krakow did not have probable cause to make the arrest when he did. *Simpson*, 73 F.3d at 136; *Sanders v. Cruz*, 08 C 3318, 2010 WL 3004636, at *4-5 (N.D. Ill. July 29, 2010); *Lang*, 87 F. Supp. 2d at 844; *Patterson v. Leyden*, 947 F. Supp. 1211, 1217 (N.D. Ill. 1996).

Additionally, at this stage in the litigation, the Court rejects Officer Krakow's argument that qualified immunity warrants dismissing Count II. Qualified immunity protects officers from civil liability stemming from discretionary functions, but only if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). Put another way, qualified immunity protects Officer Krakow only if a reasonable officer could have believed that probable cause existed to arrest Mr. Gupta in light of the information Officer

Krakow possessed at the time. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed. 2d 589 (1991).

To survive a motion to dismiss in the face of a qualified immunity defense, the Complaint must plausibly allege that Officer Krakow violated Mr. Gupta's clearly established rights by arresting him without probable cause. The Court is required not only to take the facts alleged in the Complaint as true but also to draw all reasonable inferences in Mr. Gupta's favor. The Court finds that the Complaint has satisfied this standard. First, Mr. Gupta plausibly alleges that Officer Krakow lacked probable cause or any basis to arrest him. Second, the Court finds at this stage that Mr. Gupta had a clearly established right to be free from arrest without probable cause. *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006). Moreover, the Court infers that a reasonable person in Officer Krakow's position would have known that probable cause was required to make an arrest. Finally, taking the allegations in the Complaint as true, the Court may infer that Officer Krakow should have known that he lacked probable cause to arrest Mr. Gupta. Officer Krakow's actual knowledge at the time of the arrest is a question of fact outside the Complaint which the Court cannot consider on a motion to dismiss. Because the Court cannot find at this stage that Officer Krakow's conduct was protected by the principle of qualified immunity, the motion to dismiss on that basis is denied.

## CONCLUSION

The Court grants in part and denies in part Defendants' motion to dismiss [47]. The motion is granted with respect to the Naperville Police Department to the extent that the Department was even named as a Defendant. The motion is denied with respect to Officer Krakow. The Court finds that the Complaint does not violate the principle outlined in *Heck v. Humphrey* because it does not necessarily challenge the validity of Mr. Gupta's state court

conviction. The Court also finds that the question of Officer Krakow's qualified immunity involves questions of fact outside the Complaint that cannot be established on a motion to dismiss.

Dated: March 18, 2014

SARA L. ELLIS
United States District Judge